# COURT OF APPEALS
# DECISION
# DATED AND FILED

## January 10, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP18-CR**

Cir. Ct. No. 1999CF4849

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

WILLIE C. SIMPSON,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MICHELLE ACKERMAN HAVAS, Judge. *Affirmed*.

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Willie C. Simpson appeals from an order of the trial court denying his motion to modify his sentences that were imposed for two counts of first-degree sexual assault of a child. On appeal, Simpson maintains that two new factors—in the form of sentences imposed for subsequent convictions and a recent HIV positive diagnosis—require modification of his sentences for the two counts of first-degree sexual assault of a child. We disagree, and we conclude that Simpson has not demonstrated the existence of a new factor entitling him to sentence modification. Accordingly, we conclude that the trial court properly denied Simpson's motion, and for the reasons set forth below, we affirm.

## BACKGROUND

¶2    In September 1999, Simpson was charged with two counts of first-degree sexual assault of a child in Milwaukee County Circuit Court Case No. 1999CF4849. Simpson was convicted as charged, and he was subsequently sentenced in May 2000 to two consecutive sentences totaling twenty-five years of imprisonment.

¶3    Prior to his conviction in Case No. 1999CF4849, Simpson had also been convicted in Milwaukee County Circuit Court Case No. 1996CF965778 of one count of second-degree sexual assault of a child, for which he received a fifteen-year sentence that was imposed and stayed, and he was placed on probation. Simpson's probation for his conviction in Case No. 1996CF965778 was revoked in December 1999 as a result of Case No. 1999CF4849, and Simpson's sentences in Case No. 1999CF4849 were set to also run consecutive to his sentence in Case No. 1996CF965778.

¶4    As relevant to Simpson's arguments, Case Nos. 1996CF965778 and 1999CF4849 occurred prior to what is commonly referred to as Wisconsin's Truth

in Sentencing (TIS) laws going into effect. *See* 1997 Wis. Act 283; 2001 Wis. Act 109. Under Wisconsin's TIS laws, Wisconsin shifted from indeterminate to determinate sentencing, parole was eliminated, and a defendant's sentence is now bifurcated into a term of initial confinement and extended supervision. *See State v. Trujillo*, 2005 WI 45, ¶¶3-4, 279 Wis. 2d 712, 694 N.W.2d 933, *abrogated on other grounds by State v. Harbor*, 2011 WI 28, ¶47 & n.11, 333 Wis. 2d 53, 797 N.W.2d 828. Simpson's sentences for Case Nos. 1996CF965778 and 1999CF4849, therefore, are periodically reviewed by a parole board as his sentences do not have a pre-determined period of initial confinement.

¶5 While serving his sentences in Case Nos. 1996CF965778 and 1999CF4849, Simpson was charged and convicted for several other crimes, including multiple counts of battery by a prisoner, several counts of throwing or expelling a bodily substance, bail jumping, and disorderly conduct. His sentences for these convictions resulted in an additional twenty-five years of imprisonment, composed of fourteen years of initial confinement and eleven years of extended supervision. The sentences for these convictions were imposed pursuant to Wisconsin's TIS laws and, therefore, consist of a bifurcated sentence composed of a term of initial confinement and a term of extended supervision.

¶6 Additionally, since his conviction in Case No. 1999CF4849—our underlying case on appeal—Simpson has raised multiple challenges to his conviction, including a direct appeal, four motions under WIS. STAT. § 974.06 (2019-20),[1] and a motion styled as a motion to void and commute sentence.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Simpson's challenges have been denied by the trial court and affirmed on appeal. *See State v. Simpson*, No. 2001AP2238-CR, unpublished slip op. (WI App Apr. 16, 2002); *State v. Simpson*, No. 2004AP1647, unpublished op. and order (WI App Sept. 14, 2005); *State v. Simpson*, Nos. 2011AP311 and 2011AP312, unpublished slip op. (WI App Nov. 8, 2011); *State v. Simpson*, No. 2019AP1713, unpublished op. and order (WI App Dec. 22, 2020).

¶7 Most recently, Simpson filed the motion for sentence modification that gives rise to this appeal. Specifically, Simpson styled his motion as a "Notice of Emergency Motion and Motion for Sentence Modification Pursuant to Sec. 973.19 and 302.113(9g)." The trial court denied Simpson's motion, and Simpson now appeals.

## DISCUSSION

¶8 On appeal, we interpret Simpson to be raising the same arguments that he is entitled to sentence modification based on two new factors. First, he argues that the effect of his later, post-TIS sentences on his prior, pre-TIS sentences constitutes a new factor warranting sentence modification. Second, he argues that his recent HIV positive diagnosis is a new factor warranting sentence modification and requiring compassionate release. We reject Simpson's arguments, and we conclude that Simpson has failed to demonstrate the existence of a new factor for which he is entitled to sentence modification.

¶9 "Whether a fact or set of facts presented by the defendant constitutes a 'new factor' is a question of law," which we review independently. *Harbor*, 333 Wis. 2d 53, ¶33. However, "whether that new factor justifies sentence modification is committed to the discretion of the circuit court, and we review such decisions for erroneous exercise of discretion." *Id.*

4

¶10    A new factor is defined as

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

*Id.*, ¶40 (citation omitted). "The defendant has the burden to demonstrate by clear and convincing evidence the existence of a new factor." *Id.*, ¶36. Here, we conclude that Simpson has not demonstrated the existence of a new factor entitling him to sentence modification.

¶11    First, Simpson's post-TIS sentences do not have the impact on his pre-TIS sentences that Simpson asserts. As we interpret his argument, Simpson construes his post-TIS sentences as extending his parole eligibility and mandatory release dates for his pre-TIS sentences because he will remain confined following his pre-TIS sentences. As the State accurately describes, Simpson's post-TIS sentences have not extended any parole eligibility or mandatory release date for his pre-TIS sentences, and Simpson remains entitled to parole eligibility and to be released as originally established under his pre-TIS sentences. The difference, however, is that his release from his pre-TIS sentences will now be one of a release to begin serving the initial confinement portions of his post-TIS sentences instead of a release into the community. Ultimately, Simpson's pre-TIS sentences do not alter the fact that Simpson must still serve his post-TIS sentences that were imposed for the crimes he committed while serving his pre-TIS sentences. Consequently, we do not consider Simpson's post-TIS sentences as a new factor warranting sentence modification.

¶12    Similarly, Simpson's HIV positive diagnosis is not a new factor warranting sentence modification. In fact, Simpson's allegation that his diagnosis

constitutes an "extraordinary health condition" under WIS. STAT. § 302.113(9g) is properly considered first by the Department of Corrections, *see* § 302.113(9g)(c) (requiring review by the "program review committee at the correctional institution in which the inmate is confined"), and it is not properly considered by the court at this time. However, we further observe that this procedure is not available to Simpson unless he is serving a bifurcated sentence imposed under the TIS laws, *see* § 302.113(9g)(b), and Simpson is currently still serving his pre-TIS sentences. Any change in Simpson's health, therefore, is appropriately considered by the parole board. Accordingly, we conclude that Simpson's HIV positive diagnosis is not a new factor warranting sentence modification.

¶13    Last, to the extent that Simpson raises issues of constitutional vagueness and an ex post facto violation related to the TIS laws and their application to him as an individual serving pre-TIS sentences, we conclude that his arguments have not been preserved for appellate review. "It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. Simpson failed to raise any issue of constitutional vagueness or ex post facto violations below. Indeed, his motion was specifically titled as a "Notice of Emergency Motion and Motion for Sentence Modification Pursuant to Sec. 973.19 and 302.113(9g)," and it has been construed as such.

¶14    Furthermore, Simpson's claims of constitutional vagueness and an ex post facto violation are procedurally barred for failing to raise them earlier in his direct appeal, any of his other four WIS. STAT. § 974.06 postconviction

motions, or his motion to void and commute sentence. *See **State v. Escalona-Naranjo***, 185 Wis. 2d 168, 184-86, 517 N.W.2d 157 (1994).

## CONCLUSION

¶15    Accordingly, we conclude that Simpson has not demonstrated the existence of a new factor for which he is entitled to sentence modification, and we affirm the trial court's order denying Simpson's motion.

*By the Court.*—Order affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.